8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAURIE ANITA CLARK,                     No.  2:17-cv-0408-KJN

12              Plaintiff,

13        v.                                 ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
              Defendant.
16

17

18        Plaintiff Laurie Clark seeks judicial review of a final decision by the Commissioner of

19   Social Security ("Commissioner") denying plaintiff's applications for Disability Insurance

20   Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI,

21   respectively, of the Social Security Act ("Act").[1]  For the reasons discussed below, the court

22   AFFIRMS the final decision of the Commissioner.

23        The court reviews the Commissioner's decision to determine whether (1) it is based on

24   proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

25   as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

26   evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

27

28   [1] Both parties voluntarily consented to proceed before a United States Magistrate Judge for all
     purposes pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 7, 8.)

                                                1

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

In this case, plaintiff does not challenge the ALJ's evaluation of the medical evidence, assessment of plaintiff's credibility, or formulation of plaintiff's residual functional capacity ("RFC"). Instead, plaintiff contends that the ALJ failed to discharge his burden at step five of the sequential disability analysis[2] to show that plaintiff could perform other work in the national

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

2

economy, because the ALJ relied on deficient vocational expert ("VE") testimony. More specifically, plaintiff argues that the number of jobs identified by the VE for each representative occupation in the Dictionary of Occupational Titles ("DOT") actually corresponded to the aggregate number of jobs for a larger group of occupations similar to the representative occupation rather than just the specific representative occupation, thereby rendering the vocational testimony insufficient.

As an initial matter, plaintiff failed to properly raise this evidentiary challenge before either the ALJ or the Appeals Council. See Shaibi v. Berryhill, 883 F.3d 1102, 1108-10 (9th Cir. 2017); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). Even though counsel inquired at the hearing regarding the source of the VE's data and whether jobs numbers were aggregated, he failed to challenge the sufficiency of such testimony via questioning at the hearing, or supplemental briefing before either the ALJ or Appeals Council. As such, the issue is waived.

Moreover, even assuming that no waiver occurred, the argument lacks merit. The specific representative DOT occupations were merely provided as examples of occupations that would be consistent with plaintiff's RFC; the VE did not testify that those specific occupations were the only occupations that plaintiff could perform. Indeed, the VE specifically acknowledged that the jobs numbers provided were aggregate numbers for a group of occupations similar to the specific representative DOT occupations. (See Administrative Transcript ["AT"] 841-42.) Nevertheless, the VE confirmed that his jobs numbers were consistent with plaintiff's RFC, the DOT, and the VE's professional experience. (AT 845.) See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

In sum, the court finds no prejudicial legal error, and concludes that the ALJ's decision is supported by substantial evidence in the record as a whole.

////

---

process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's motion for summary judgment (ECF No. 15) is DENIED.

3    2.  The Commissioner's cross-motion for summary judgment (ECF No. 16) is

4        GRANTED.

5    3.  The final decision of the Commissioner is AFFIRMED, and judgment is entered for

6        the Commissioner.

7    4.  The Clerk of Court shall close this case.

8    Dated:  June 7, 2018

9

10   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4